**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

THEORDORE K. DAVIS, JR.,

      Plaintiff,

v.

BARBARA SCHNEIDER CARTER,

      Defendant.

Case No. 1:19-cv-414

Black, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

On May 31, 2019, Plaintiff Theodore K. Davis, Jr. filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1). The sole Defendant is identified as Barbra Schneider-Carter. The undersigned takes judicial notice of the fact that the Defendant is an Ohio state court judge in the Domestic Relations Division of the Butler County Court.[1]

**I. General Screening Authority**

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which

---

[1] On the state court website, the Defendant's name is spelled as Barbara Schneider Carter. See http://www.butlercountydrcourt.org/index.cfm?page=judgeSchneiderCarter (accessed on June 5, 2019)

relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

**II. Allegations Of Complaint**

Plaintiff's complaint was filed as a single document spanning 206 pages. However, on closer review, the body of the complaint is contained within the first 12 pages, and is followed by 194 pages of exhibits. The gist of Plaintiff's complaint against Judge Schneider Carter is that she has issued decisions against Plaintiff that exhibit bias against him and that are in excess of what Plaintiff believes was limited authority to alter a previously mediated Agreement between Davis and his ex-wife. (*See* Doc. 1-1 at 3-5).

3

Davis complains specifically about multiple rulings from Judge Schneider Carter that he alleges reflect bias and discrimination, and preferential treatment toward opposing counsel and/or his ex-wife, in violation of the 14th Amendment of the Constitution, due process, 38 U.S.C. § 5301, 42 U.S.C. § 659, various state court laws, and the Ohio Code of Judicial Conduct. (*See* Doc. 1-1 at 3, 5-11). He alleges, among other things, that Judge Schneider Carter improperly interpreted the law concerning Plaintiff's veteran and social security disability income. (*See* Doc. 1-1 at 4). Plaintiff complains that various rulings have left him "in bankrupt status." (Doc. 1-1 at 11).

Plaintiff seeks relief from the state court judgment entered by Judge Schneider Carter, recusal of the Defendant in "any cases where I am involved," an immediate "stay of all payments to CSEA" and other alterations of prior years' payments to CSEA,[2] relief from a "Mediated Agreement" between Davis and his ex-wife, a declaratory judgment that the Mediated Agreement was satisfied in 2015, the removal of any "negative records" arising out of state court proceedings relating to a motion to compel and/or contempt charges, and punitive damages in excess of $250,000.00. To the extent that any new trial is ordered in state court, Plaintiff also requests that this Court order change of venue from Butler County to Hamilton County. (Doc. 1-1 at 12).

### III. Analysis of Claims

Under relevant screening standards and federal law, Plaintiff's complaint should be dismissed in its entirety. The complaint lacks factual content or context from which the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against the Defendant.

---

[2]CSEA is an acronym that refers to the Butler County Child Support Enforcement Agency.

4

Although Plaintiff's cover sheet invokes federal question jurisdiction, no such jurisdiction exists. (Doc. 1-2). For this Court to have federal question jurisdiction pursuant to 28 U.S.C. § 1331, a plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). Here, Plaintiff is challenging the outcome of a family law dispute that arose in state court. More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus,* 136 U.S. 586 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of alleged constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze,* 76 Fed. App'x 615, 616 (6th Cir. 2002).

Plaintiff's cursory references to federal statutes concerning his veterans' benefits do not provide a basis for jurisdiction or state any federal claim. 38 U.S.C. §511(a) provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." It does not create a private right of action. Likewise, although 38 U.S.C. § 5301 may provide a defense against the garnishment of veterans' benefits, it does not create a private right of action or establish a basis for federal jurisdiction. *See also, generally, Cunningham v. Department of the Navy*, 455 F. Supp. 1370 (D. Ct. 1978) (holding that

federal garnishment waiver statute, 42 U.S.C. § 659, confers no jurisdiction on federal courts).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.,* 241 Fed. App'x 285, 287–290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. Those reasons include, but are not limited to, the fact that Plaintiff's factual allegations are insufficient to state any cognizable claim.

It appears that Plaintiff previously sought similar relief from the state court both through a direct appeal and through a motion to recuse the Defendant, and now turns to this Court having lost his battle in state court. *See generally Davis v. Davis*, 2018 WL 6445597 (Ohio Court App., 12th Dist., Dec. 10, 2018)(affirming decision on post-decree petition regarding determination of spousal support), appeal not accepted for review, 155 Ohio St. 3d 1414 (Ohio April 3, 2019); *see also In re Disqualification of Schneider Carter*, 151 Ohio St. 3d 1234, 90 N.E.3d 940 (Ohio, July 26, 2017) (denying affidavit of disqualification filed by Theodore Davis).

In addition, the Defendant is a state judicial officer who is absolutely immune from suit. See *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Pearson v. Ray*, 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001). To the extent that this lawsuit is construed as an appeal of a state judge's orders,

the *Rooker-Feldman* doctrine also bars direct review. *See generally Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 148 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983). In the alternative, even if this Court otherwise had jurisdiction, it would be required to abstain if any dispute remains ongoing in state court. *See Younger v. Harris,* 401 U.S. 37 (1971).

In short, the undersigned concludes that this Court lacks subject matter jurisdiction over Plaintiff's claims because any claims fall exclusively within the jurisdiction of the state courts, and the Defendant is immune from suit. Plaintiff's conclusory references to violations of his civil rights are not sufficient to grant federal question jurisdiction.[3] Accordingly, Plaintiff's complaint should be dismissed for lack of federal jurisdiction and for failure to state a claim upon which relief may be granted.

**IV. Conclusion and Recommendation**

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[3] Plaintiff makes no claim of diversity jurisdiction of this Court under 28 U.S.C. § 1332(a), but even if he had, the face of the complaint reveals that the citizenship of the Plaintiff is not diverse from that of the Defendant.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

THEORDORE K. DAVIS, JR.,

      Plaintiff,

  v.

BARBARA SCHNEIDER CARTER,

      Defendant.

Case No. 1:19-cv-414

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).