UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THEODORE K. DAVIS, JR.,

       Plaintiff,

  v.

BARBARA SCHNEIDER CARTER,

       Defendant.

Case No. 1:19-cv-414

Black, J.
Bowman, M.J.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 31, 2019, Plaintiff Theodore K. Davis, Jr. filed a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). On June 6, 2019, the undersigned granted Plaintiff's motion,[1] but simultaneously filed a Report and Recommendation that recommended the dismissal of Plaintiff's complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). (Docs. 2, 4). On June 19, 2019, Plaintiff filed objections to the dismissal of his case with prejudice; those objections, together with the R&R, remain pending before the district judge. (Docs. 4, 5).

On July 26, 2019, Plaintiff filed a motion to voluntarily dismiss the above-captioned case. (Doc. 6). A voluntarily dismissal pursuant to Rule 41, Fed. R. Civ. P. is typically without prejudice. In the prior R&R, the undersigned recommended that Plaintiff's complaint be dismissed on multiple grounds, including but not limited to a lack of federal subject matter jurisdiction because at its core, Plaintiff's lawsuit concerns domestic

---

[1] The order granting Plaintiff's motion to proceed without payment of fees noted "serious misgivings concerning the grant of pauper status" in light of accompanying financial statements, but granted the application after citing "interests of judicial economy." (Doc. 2 at 2).

relations matters that fall within the jurisdiction of the state courts. A dismissal for lack of subject matter jurisdiction is often without prejudice. However, in this instance, the undersigned noted that § 1915(e) authorizes the dismissal of *in forma pauperis* complaints if they are "frivolous or malicious," and that Plaintiff's lawsuit also falls within that category. (Doc. 4 at 2). Specifically, the R&R pointed out that the sole Defendant was a state judicial officer who is absolutely immune from suit, and that Plaintiff appeared to be turning to this Court for relief, citing a variety of inapplicable federal statutes as well as the Fourteenth Amendment, after having "lost his battle in state court" for similar relief, both through a direct appeal of the Defendant's orders and a motion to recuse the state judicial officer. (Doc. 4 at 6).

The undersigned takes judicial notice of the fact that on the same date that Plaintiff filed his motion to voluntarily dismiss the instant lawsuit, filed *in forma pauperis*, the same Plaintiff paid the full filing fee and initiated a new lawsuit in this Court, *Davis v. Schneider Carter, et al.*, Case No. 1:19-cv-614.[2] Despite relying upon a new slew of federal statutes, Plaintiff's new lawsuit once again accuses the same state judicial officer of violating Plaintiff's constitutional rights through her judicial conduct in the course of Plaintiff's state court domestic relations proceedings. In short, the filing of a new civil lawsuit against Judge Schneider Carter (among others), after the undersigned previously recommended dismissal of this closely related lawsuit against the same judicial officer based upon <u>absolute judicial immunity</u>, counsels in favor of issuing this Supplemental Report and Recommendation.

---

[2] Because Plaintiff initiated the new lawsuit by paying the requisite filing fee, Plaintiff himself must effectuate service upon the Defendants, and the complaint is not subject to *sua sponte* screening prior to service under 28 U.S.C. § 1915(e). Nevertheless, this Court retains the authority to dismiss frivolous lawsuits under *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Accordingly, **IT IS RECOMMENDED THAT** the previously filed R&R (Doc. 4) be adopted.  In addition, to the extent that Plaintiff's motion to dismiss (Doc. 6) seeks dismissal *without prejudice*, **IT IS RECOMMENDED THAT** Plaintiff's motion be DENIED, and that this lawsuit instead be dismissed <u>with prejudice</u> as frivolous and malicious.

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

THEODORE K. DAVIS, JR.,

      Plaintiff,

v.

BARBARA SCHNEIDER CARTER,

      Defendant.

Case No. 1:19-cv-414

Black, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).