# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| THEODORE K. DAVIS, JR., | : | Case No. 1:19-cv-414 |
|---|---|---|
| Plaintiff, | : | Judge Timothy S. Black |
| | : | Magistrate Judge Stephanie K. Bowman |
| vs. | : | |
| BARBARA CARTER SCHNEIDER, | : | |
| Defendant. | : | |

## DECISION AND ENTRY
## DENYING THE REPORTS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE (Docs. 4, 8)

Plaintiff filed this action against Judge Barbara Schneider Carter on May 31, 2019. (Doc. 1). The core of Plaintiff's claims is that Judge Schneider Carter acted improperly in the course of handling a domestic relations matter between Plaintiff and his ex-wife in state court. (Doc. 1-1 at 3-11). Plaintiff seeks, among other things, relief from the state court judgment entered by Judge Schneider Carter, as well as relief from a Mediation Agreement between Plaintiff and his ex-wife. (*Id.* at 12).

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Stephanie K. Bowman. Pursuant to such reference, on June 6, 2019 the Magistrate Judge entered a Report and Recommendation. (Doc. 4). After granting Plaintiff's motion to proceed *in forma pauperis*, the Magistrate Judge recommended dismissing Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim pursuant to *sue sponte* review under 28 U.S.C. § 1915(e)(2)(B). (Doc. 4). The Magistrate Judge reasoned that the court lacks subject

matter jurisdiction on several grounds, including the lack of a federal question, Defendant Judge Schneider Carter's absolute immunity from suit, and the Court's inability to interfere with a state-court judgment. (*See* Doc. 4 at 5-7).

Plaintiff filed objections to this first Report and Recommendation, asserting that he was unaware that by seeking leave to proceed *in forma pauperis*, his complaint would be subject to *sua sponte* review. (Doc. 5). Before the Court ruled on the pending Report and Recommendation, Plaintiff filed a motion to voluntarily dismiss his Complaint. (Doc. 6). This prompted the Magistrate Judge to issue a Supplemental Report and Recommendation recommending that the Court dismiss Plaintiff's claims *with prejudice* rather than by granting Plaintiff's motion for voluntary dismissal. (Doc. 8). Plaintiff then filed objections to the Supplemental Report and Recommendation clarifying that he seeks dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41. (Doc. 9).

On the same day that Plaintiff filed his motion to voluntarily dismiss his case, Plaintiff filed a separate lawsuit against the same Defendant, Judge Barbara Schneider Carter, with additional claims against his ex-wife and her law firm surrounding the same state-court domestic relations proceedings. *See Davis v. Schneider Carter*, No. 1:19-cv-614 (S.D. Ohio filed July 26, 2019). This time, Plaintiff paid the full filing fee. Thus, it is apparent that Plaintiff sought voluntary dismissal in order to avoid *sue sponte* review as an *in forma pauperis* claimant under 28 U.S.C. § 1915(e)(2)(B).

Federal Rule of Civil Procedure 41(a) permits a Plaintiff to voluntarily dismiss his complaint *without a court order* "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 [none of which are applicable here] and any applicable federal statute" prior to the opposing party's service of either an answer or motion for summary judgment. Here, the Defendant had not yet filed an answer or motion for summary judgment when Plaintiff filed his "motion" to voluntarily dismiss the case.

There is consensus that a plaintiff proceeding under 28 U.S.C. § 1915 should not be permitted to voluntarily dismiss his complaint following initial screening where the plaintiff is a prisoner, subject to § 1915(g)'s "three strikes" provision. *See Neu v. Adams County Jail*, 2012 WL 3878717, at *3 (S.D. Ohio Sept. 6, 2012) (citing *Bloodworth v. Timmerman-Cooper*, No. 2:10-cv-926, 2011 WL 1740031, at *3-4 (S.D. Ohio May 5, 2011) (noting that the Prison Litigation Reform Act ("PLRA") has been considered an "applicable federal statute" limiting a plaintiff's use of Rule 41(a)). However, the Plaintiff in the instant case is not a prisoner and is not subject to the three strikes rule contained in § 1915(g). Accordingly, despite the adverse Report and Recommendation pending at the time Plaintiff sought voluntary dismissal, the Court will deny the Magistrate Judge's Reports and Recommendations and will instead construe Plaintiff's "motion" to voluntarily dismiss his case as a self-effectuating notice of dismissal under Rule 41(a)(1). This decision is made out of an abundance of caution, affording the *pro se*

Plaintiff the opportunity to exercise his choice to proceed by paying the full filing fee, and not *in forma pauperis*.[1]

The Court has reviewed the comprehensive findings of the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b) and has considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that the Reports and Recommendations (Docs. 4, 8) should be and are hereby **DENIED**. Plaintiff's complaint is **DISMISSED without prejudice** pursuant to Plaintiff's construed notice of voluntary dismissal (Doc. 6) and shall be **TERMINATED** from this Court's docket.

**IT IS SO ORDERED.**

Date: 1/29/2020

*s/ Timothy S. Black*
Timothy S. Black
United States District Judge

---

[1] The Court simultaneously enters an Order dismissing Plaintiff's related complaint in *Davis v. Schneider Carter,* No. 1:19-cv-614 (S.D. Ohio filed July 26, 2019), *sua sponte* for lack of subject matter jurisdiction.